## SUPREME COURT.

Thomas C. Bonneau agt. Wm. B. Dinsmore and others.

A citizen of South Carolina, under the existing state of hostilities between that state and this state, is not allowed to enforce, in our courts, the collection of any claims against our own citizens.

*New York Special Term, February,* 1862.

The plaintiff sued the defendant on a promissory note. Defendant set up that the plaintiff, being a citizen of South ·Carolina and an alien enemy, could not recover. Plaintiff demurred to the answer, on the ground that defendant, while alleging that he (plaintiff) was an alien enemy, still admitted that he was a citizen of the United States.

Mr. Mitchell, *for plaintiff.*
Davison, Burrill & Davison, *for defendant.*

Gould, Justice. The answer in this case sets up for a defence that the plaintiff is an alien enemy. Of course, if such is the fact, the defence is sufficient. But the plaintiff claims that in pleading the defence, the defendant has stated facts which do not make the plaintiff an alien enemy, but on the contrary, show that he is a citizen of the United States, and entitled in all respects to sue in our courts.

Thus the answer says that the plaintiff is a citizen of, and now resident in the state of South Carolina, which state is in a state of actual hostility to and in open war with the United States ; to which the plaintiff (in argument) replies, that the hostilities are those of an insurrection, and the United States claim to be still sovereign over the whole territory, South Carolina included, and that no state court can say that the citizens of South Carolina, though having levied actual war against the general government, are alien enemies.

There is a sense in which this reply is technically correct ; but it is not the sense in which is founded the rule which, in any case, makes the defence spoken of a valid one. An enemy is not allowed to enforce (in our courts) the collection of any claims against our own citizens, because (in the words of ELLSWORTH, Ch. J., in the case of *Hamilton* agt. *Eaton*, before the U. S. circuit court in North Carolina, in 1792,) " it would be dangerous to admit him into the country or to correspond with agents in it ; and also because a transfer of treasure from the country to his, would diminish the ability of the former and increase that of the latter to prosecute the war."

The whole ground of excluding a public enemy from our courts is one exclusively of public policy, and whenever public policy would carry the rule, the courts should be bound by it.

This reason for the rule applies in full force and in every particular to the case before the court, and the plaintiff is completely within the undoubted spirit of the prohibition, which suspends his remedy while leaving his claim to remain untouched and liable to be revived and recovered after hostilities are ended. Of course this view is based upon the concession (by demurring to the answer) that the facts are correctly stated by the defendants.

There is a further ground for holding the plaintiff within the real disability to sue in our courts, which is intended

to be asserted by this answer. By act of congress, passed July 15, 1861, the president of the United States was authorized to declare by proclamation, any state or states " in insurrection against the United States," under certain circumstances, and that whenever he so declared, " thereupon all commercial intercourse by and between the same and the citizens thereof and the citizens of the rest of the United States shall cease and be unlawful so long as such condition of hostility shall continue." In pursuance of this act the president, by proclamation, declared the state of South Carolina to be in such a state of hostility, and expressly stated that all commercial intercourse with that state was unlawful.

There should be no question that the endeavors to enfoce commercial rights—the attempt to collect the avails of prior commercial transactions—come completely within the spirit of this restriction ; and that under a proper construction of this act it is unlawful to allow a citizen of that rebellious state (especially one alleged to be himself in hostility to the government) to enforce any such remedy in our courts.

The demurrer should be overruled, with costs.